# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## OLIVER J. HIGGINS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Hardin County**
**No. 6408        C. Creed McGinley, Judge**

---

**No. W2009-00023-CCA-R3-PC  - Filed June 10, 2009**

---

The petitioner, Oliver J. Higgins, appeals the dismissal of his petition for post-conviction relief as time-barred, arguing that the post-conviction court erred by summarily dismissing the petition without holding an evidentiary hearing or making adequate findings of fact and conclusions of law. The State has responded with a motion that we affirm the summary dismissal pursuant to Rule 20, Rules of the Court of Criminal Appeals. Because the petitioner filed his petition well outside the statute of limitations and has not shown any reason why the limitations period should be tolled, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Oliver J. Higgins, Pine Knot, Kentucky, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Sophia S. Lee, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On December 18, 2008, the petitioner filed a petition for post-conviction relief from a 1986 conviction for selling marijuana, alleging that he was denied the effective assistance of counsel and that his guilty plea was unknowing and involuntary. According to the petition, the petitioner pled guilty in the Hardin County Circuit Court on August 4, 1986, and was sentenced to two years imprisonment. The petitioner is currently incarcerated at a federal prison in Kentucky, serving an effective sentence of life plus five years based on various drug-related convictions out of the United States District Court for the Western District of Tennessee. See United States v. Higgins, 557 F.3d 381, 384 (6th Cir. 2009).

The petitioner alleged that the one-year statute of limitations for filing a post-conviction petition should be tolled in his case because of newly discovered evidence establishing his innocence

of the offense. Specifically, he asserted that the marijuana and shotgun that formed the basis for his arrest and ultimate conviction belonged to his then-girlfriend, Sharon Jackson, who originally told the police that the items were hers but later recanted. The petitioner claimed that he felt pressured into pleading guilty to the offense by his counsel's refusal to investigate whether Jackson was coerced into changing her original statement to police. He said that after the Tennessee conviction was used to enhance his sentences in the federal case, he persuaded Jackson to reveal the truth. As support for his claims, he attached Jackson's affidavit, in which she stated the contraband was hers and she originally claimed it as such, but later felt "coerced into changing [her] statement" because of "the anger and jealousy" she experienced upon learning that the petitioner was living with another woman.

On December 19, 2008, the post-conviction court summarily dismissed the petition on the basis that it was filed outside the applicable statute of limitations. The petitioner then filed a timely appeal to this court.

At the time the petitioner was convicted and sentenced, the statute of limitations for filing a post-conviction petition was three years, see Tenn. Code Ann. § 40-30-102 (repealed 1995), which means that the petitioner's time for filing a timely petition for post-conviction relief expired in 1989. The current one-year statute of limitations for filing a post-conviction petition was enacted in 1995 as part of the Post-Conviction Procedure Act of 1995. See Tenn. Code Ann. § 40-30-101 *et seq.* (2006). The 1995 Post-Conviction Procedure Act did not, however, provide petitioners whose time had already expired under the previous act any additional time in which to file a petition for post-conviction relief. See Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997).

We agree with the State that the petitioner has not shown any reason that the time period for filing his post-conviction petition should be tolled. The current Post-Conviction Procedure Act provides three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retrospective application; (2) when the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that was not a guilty plea and which was used to enhance the petitioner's sentence has been held to be invalid. Tenn. Code Ann. § 40-30-102(b) (2006). None of these narrow circumstances exists in this case. As the State points out, the petitioner himself acknowledges in his petition that he had knowledge of Jackson's "recanted" statement at the time he pled guilty to the offense. Furthermore, the opinion of the Sixth Circuit Court of Appeals reveals that the petitioner had at least four felony drug convictions beyond the two required for the district court to enhance his sentence in the case. See Higgins, 557 F.3d at 398-99.

Nor does the petition raise the type of due process concerns that would require that the statute of limitations be tolled. See Sample v. State, 82 S.W.3d 267, 273 (Tenn. 2002) (concluding that statute of limitations should be tolled due to a late arising suppression of exculpatory evidence claim); Williams v. State, 44 S.W.3d 464, 477 (Tenn. 2001) (finding that misrepresentation by attorney as to continuing representation, rather than mere attorney negligence, possibly tolled the statute of limitations); Seals v. State, 23 S.W.3d 272, 278-79 (Tenn. 2000) (concluding that statute of limitations should be tolled during period of mental incompetence of petitioner); Sands v. State,

903 S.W.2d 297, 301 (Tenn. 1995) (concluding that due process required tolling because grounds for relief arose after the statute of limitations normally would have run); Burford v. State, 845 S.W.2d 204, 206 (Tenn. 1992) (holding that due process required tolling of statute of limitations because the petitioner was unable to file post-conviction claim in one county until conviction in another county had been set aside).  We conclude, therefore, that the post-conviction court did not err in summarily dismissing the petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted.  The judgment of the trial court is affirmed in accordance with  Rule 20, Rules of the Court of Criminal Appeals.

_____
ALAN E. GLENN, JUDGE